UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CANON FINANCIAL SERVICES, INC.,

Plaintiff,

v.

PERMANENT MISSION OF MADAGASCAR *DOING BUSINESS AS* PERMANENT MISSION OF THE REPUBLIC OF MADAGASCAR TO THE UNITED NATIONS,

Defendant.

No. 16-CV-6538 (RA)

OPINION & ORDER

---

This case has been removed from state court, where it had been pending for over five years. Before the Court is Plaintiff's motion to remand, arguing that Defendant's removal is untimely, and Defendant's opposition to that motion, contending that it was never properly served pursuant to the Foreign Sovereign Immunities Act (the "FSIA") and that the time for removal was thus never triggered. The Court agrees with Defendant and the motion to remand is denied.

Because "[a] foreign state's permanent mission to the United Nations is indisputably the embodiment of that state," Defendant is a foreign state. *USAA Cas. Ins. Co. v. Permanent Mission of Republic of Namibia*, 681 F.3d 103, 107 (2d Cir. 2012) (quotation marks omitted). Removal is thus governed by 28 U.S.C. § 1441(d), which provides:

> Actions against foreign States.--Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. . . . Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

The time limitation for removal under section 1446(b) is "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The Supreme Court has interpreted this provision to mean that "the removal period could only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading" because the words "or otherwise" are "simply so indefinite as to be meaningless." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349–356 (1999)). Therefore, the removal period in this case would only have been triggered if formal service of process was effectuated in compliance with the FSIA.

Plaintiff argues that it served Defendant "pursuant to 28 U.S.C. § 1608(b)(2), by delivering a copy of the Summons and Complaint to the managing agent of Defendant." Jaslow Aff. at 5, Dkt. 19. Section 1608(b), however, applies only to an "agency or instrumentality of a foreign state." 28 U.S.C. § 1608(b). Defendant is not an agency or instrumentality of a foreign state but is itself a foreign state. *Lewis & Kennedy, Inc. v. Permanent Mission of Republic of Botswana to United Nations*, No. 05-CV-2591 (HB), 2005 WL 1621342, at *3 (S.D.N.Y. July 12, 2005) ("It is well settled that a country's permanent mission to the United Nations is a foreign state for the purposes of § 1608."); *Gray v. Permanent Mission of People's Republic of Congo to United Nations*, 443 F. Supp. 816, 820 (S.D.N.Y.), *aff'd*, 580 F.2d 1044 (2d Cir. 1978) ("[I]t is hard to imagine a purer embodiment of a foreign state than that state's permanent mission to the United Nations.").

"[T]he sole means for effecting service of process on a foreign state" is the FSIA, and its requirements are set forth in section 1608(a). *Harrison v. Republic of Sudan*, 802 F.3d 399, 403

(2d Cir. 2015), *adhered to on denial of reh'g*, 838 F.3d 86 (2d Cir. 2016). Section 1608(a) prescribes four methods of service of a foreign state, in descending order of preference. *Id.* These are:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a)(1)–(4).

The method of service utilized by the Plaintiff in this case—service on the managing agent of Defendant—does not constitute one of the four methods of service articulated in § 1608(a). "Courts have been unequivocal that § 1608(a) mandates *strict adherence* to its terms, not merely substantial compliance." *Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad to the United Nations in N.Y.*, No. 15-CV-8693 (VB), 2016 WL 3351180, at *5 (S.D.N.Y. June 15, 2016) (quoting *Lewis & Kennedy, Inc.*, 2005 WL 1621342, at *3). Moreover, "[w]hether or not [defendants] received actual notice of the suit is irrelevant when strict compliance is required." *Id.*

3

(alteration in original) (quoting *Finamar Inv'rs, Inc. v. Republic of Tadjikistan*, 889 F. Supp. 114, 118 (S.D.N.Y. 1995)). Therefore, service of process has not been effectuated in this case, and the time period for removal has not been triggered. Defendant's removal of this case is thus timely pursuant to 28 U.S.C. § 1441(d). *See Avelar v. J. Cotoia Const., Inc.*, No. 11-CV-2172 (RRM), 2011 WL 5245206, at *2 (E.D.N.Y. Nov. 2, 2011).

Plaintiff argues that *Avelar* is distinguishable because in that case the time between the service of the complaint and the notice of removal was only ten months, and therefore the *Avelar* court "did not have to consider extreme prejudice to the plaintiff . . . , or a statute of limitations issue." *See* Jaslow Reply Aff. at 4, Dkt. 21. Plaintiff misses the point. In light of the fact that service pursuant to the FSIA was never effectuated in this case, the time that Defendant has to remove did not begin to run. Defendant thus does not have to show good cause for enlargement of the time to remove, and prejudice to the Plaintiff is irrelevant to whether removal was proper. *See* 28 U.S.C. § 1441(d).

Counsel for all parties shall appear for an initial status conference on June 2, 2017 at 12:30 p.m. At that time, the parties should be prepared to address the basis of the Court's personal jurisdiction over Defendant, as well as how the parties would like to proceed. The parties shall submit a joint letter and proposed case management plan in the manner described in the Court's Order and Notice of Initial Conference, Dkt. 3, no later than May 29, 2017.

SO ORDERED.

Dated: May 18, 2017
New York, New York

Ronnie Abrams
United States District Judge

4